### PROPRIETORS OF THE SOUTH CONGREGATIONAL MEETING-HOUSE IN LOWELL *vs.* CITY OF LOWELL.

Under the Rev. Sts. *c.* 7, § 5, exempting houses of religious worship from taxation, such distinct tenements only are exempted, as are used for religious worship and purposes connected therewith ; and not tenements, though under the same roof, which are used for purposes wholly secular.

ASSUMPSIT to recover the amount of a tax assessed upon the plaintiffs for the year 1838, and paid by them to the city collector under a protest that the tax was illegal, and with a reservation of all the plaintiffs' rights.

The case was submitted to the court upon the following facts : The plaintiffs were incorporated by *St.* 1830, *c.* 123. (7

Special Laws, 78.) On the 18th of May, 1831, they purchased a lot of land containing 9000 square feet, and in the deed of that date, conveying the land, was a condition, that the grantees, (the plaintiffs,) their successors and assigns should, within one year, erect on said land a house for public religious worship. The plaintiffs, in pursuance of a vote to build a meetinghouse, erected a building with a cellar, basement story and second story. The second story was fitted up as a church, with pews, &c. ; the cellar was used for purposes connected with the church, having a furnace, &c. ; and the basement story was made into five stores or shops for trade.

The plaintiffs sold said pews, and gave deeds to the purchasers, in pursuance of the following vote, which was passed December 23d, 1832, and was annexed to the several deeds : "Voted that the pews in said meetinghouse be sold at public auction, and that the holders of said pews acquire the title to, and consequent exclusive use of, and control over the pulpit, the organ, the southwest room on the lower floor, as a vestry, entrances, &c. ; every pew being entitled to one vote, whether owned by an individual or by the proprietors as a corporation." "The South Congregational Society in Lowell," a religious society organized, in 1829, according to law, immediately after the sale of the pews as aforesaid, began to use and occupy said meetinghouse as a house of religious worship, and have so occupied it ever since.

In April 1832, the plaintiffs, fearing that the society would be annoyed, on the sabbath, by a building about to be erected on the adjoining land, and desirous of furnishing a larger passage way than they had for the use of said society — purchased an additional lot of land of about 2200 square feet, and, after the same had remained vacant several years, erected a building thereon, in order to furnish a more commodious vestry to said society, and also to render the property more productive. The basement story of this building was fitted up as a store, and the upper story as a vestry. The six stores, viz. five under the meetinghouse, and that under the vestry, were rented, and the income has ever since been received by the plaintiffs.

By *St.* 1833, *c.* 132, (7 Special Laws, 361,) the said society were authorized to assess the pews in said meetinghouse, for the support of public worship, and to defray the expenses incidental thereto. Since the passing of that statute, the society have made yearly assessments on the pews for the purposes aforesaid, and the plaintiffs, as owners of the unsold pews, have been assessed in the same manner as the individual owners, and have paid the taxes, so assessed, out of the income of their said real estate. This income, viz. the rent of the stores, except that which has been paid, as aforesaid, to said society, has been applied towards payment of the debt incurred by the plaintiffs in the purchase of said lands and the erection of said buildings — the whole original cost of which is about $32,000, and about $13,000 of which the plaintiffs still owe to persons of whom they hired money for building said houses. All the income, received from said stores by the plaintiffs, has been appropriated as abovementioned.

The assessors of the city of Lowell, for the year 1838, assessed the plaintiffs the sum of $60, under the head of real estate, for "six stores under church and vestry."

Defendants to be defaulted, if said assessment was illegal ; otherwise, plaintiffs to become nonsuit.

*Robinson,* for the plaintiffs.

*Hopkinson,* for the defendants.

SHAW, C. J. The plaintiffs claim exemption from taxation for general purposes, under the Rev. Sts. *c.* 7, § 5, clause 5th. That section classifies the persons and property exempted from taxation, and the clause in question is as follows : "All houses of religious worship, and the pews and furniture within the same."

In the first place, it is to be remarked that the plaintiffs are not a religious society ; but they were specially incorporated for the purpose of purchasing a site for a meetinghouse, and erecting one. This they have done, and have disposed, in the form of pews, of all that part of the buildings actually used as a place of worship and for a vestry, in the upper stories of the buildings, to a religious society separately organized. But the plain-

tiffs retain six tenements, being the story under the church and vestry, which are let as stores, and of which they take the income, appropriating it to reduce the sum of money borrowed for building the houses.

Such being the nature of the property, the court are of opinion that the exemption in the statute extended to that part of the property only which was used as a place of worship, and for purposes connected with it ; such as the vestry, the furnace and the like ; but did not extend to separate tenements used for purposes exclusively secular. The income raised from these tenements goes as directly to the use of the proprietors, by paying their debts, as if they made annual dividends.

There may be several distinct tenements under the same roof ; and tenements are as essentially distinct, when one is under the other, as when one is by the side of the other. *Loring v. Bacon,* 4 Mass. 575. *Cheeseborough* v. *Green,* 10 Connect 318.

The court are of opinion that the denomination of " houses of religious worship " must be held to include such distinct tenements as are used for that purpose, and for purposes connected with it, and does not include distinct tenements used for other purposes, though under the same roof. *

The tax therefore was rightly assessed, and the plaintiffs have no right to recover back the money which they have paid.

*Plaintiffs nonsuit.*

---

* This is now expressly provided by *St.* 1841, *c.* 127.