## HARDIN v. ROCK SPRINGS LODGE NO 12, A. F. & A. M.

(No. 798; Decided January 25th, 1916; 154 Pac. 323.)

TAXATION — EXEMPT PROPERTY — FRATERNAL SOCIETIES — "PRIVATE PROFIT" FROM EXEMPT PROPERTY.

1. A building owned and used by a fraternal society constructed solely for lodge purposes, a portion of which is occasionally rented for an evening at a time for social gatherings, but which rental does not interfere with the general use of the premises by the society for lodge purpose, is exempt from taxation under the provisions of Comp. Stats. 1910, Sec. 2322.

ERROR to the District Court, Sweetwater County; HON. DAVID H. CRAIG, Judge.

Action by Rock Springs Lodge No. 12, Ancient, Free and Accepted Masons, a corporation, to enjoin G. H. Hardin, as county treasurer, and others from the collection of taxes, assessed and levied upon lodge property. From an order granting the injunction the defendants bring error.

The cause was submitted on an agreed statement of facts which are stated in the opinion.

*W. A. Muir,* for plaintiffs in error.

It is admitted that a portion of the building and premises of defendant in error is rented at times for private profit and for that reason a proportionate valuation of the premises should be taxed. Such is the apparent intention of Section 2322, Comp. Stats. 1910, wherein it is provided that lands with the buildings thereon used for certain pur-

poses shall be exempt from taxation so long as said lands
and buildings are not used for private profit.   Section 2324
provides that all other property within the state is subject
to taxation.   Private profit as used in the section undoubt-
edly means gross profit raised from any such land or build-
ing.   The mode of raising revenue is the foundation of our
state government.   Where a lodge rents a part of its build-
ing for a ball room, it comes in direct competition with
other proprietors, who rent property for a like purpose
and upon which they pay taxes.   Exemptions from taxation
are generally construed strictly and charitable institutions,
educational institutions, secret societies and lodges are re-
quired to pay their pro-ration of the tax levy upon that
portion of their property used for pecuniary gain or private
profit, or that portion which is not used exclusively for pur-
poses which is exempted.   (12 Am. & Eng. Enc. of Law,
321;  Stahl v. Kans. Edu. Assoc., 54 Kan. 542, 38 Pac.
796;  Washburn College v. Com. Shawnee County, 8 Kan.
344;  Banks v. Ten., 104 U. S. 493, 26 Law Ed. 810;  High
on Injunctions, Vol. 1, Sec. 535;  Ottawa Uni. v. Board
Com. Franklin Co., 29 Pac. (Kan.) 599;  Red v. Johnson,
53 Tex. 284;  Cleveland Library Assoc. v. Pelton, 36 O. S.
253;  Cincinnati College v. The State, 19 Ohio, 110;  County
Comms. v. Colo. Seminary, 12 Colo. 497;  People v. Young
Men's Christian Assoc., 157 Ill. 403;  Chicago v. People,
80 Ill. 304;  Pres. Theo. Seminary v. People, 101 Ill. 578;
St. Mary's College v. Crowl, 10 Kan. 442.)   A ball room,
kitchen and banquet hall are unnecessary for the purpose
of holding meeting, and where such are connected with a
lodge room they should be taxed proportionately.   (Cleve-
land Library Assoc. v. Pelton, 36 O. S. 253;  Trustees of
Good Shepherd v. Boston, 120 Mass. 212;  Detroit v. Mayor,
3 Mich. 172.)   Where a building was used by the owner as
a family residence and the balance of the building was used
for school purposes, it was held that even though the fam-
ily are instructors and pupils in said school, still the building
is not one used exclusively for school purposes and, there-

fore, is not exempt. (St. Mary's College v. Crowl, 10 Kan. 451; Red et al. v. Johnson, 53 Tex. 284; Ottawa Uni. v. Board of Co. Com., 29 Pac. 599 (Kan.)

*Walter B. Dunton,* for defendant in error.

The Wyoming statute differs from other statutes in that the word "private" occurs before the word "profit" and the word "exclusively" is omitted from our statute before the word "used"; evidently the word "private" was intended to apply to buildings used for private business. Fraternal buildings in Wyoming are a public convenience, as a meeting place for people of the community, and it was doubtless the intention of the Legislature to exempt them from taxation for that reason. An occasional use of such buildings for social gatherings will not defeat the exemption. (First Unitarian Society v. Hartford, 66 Conn. 368; St. Paul's v. Concord, Am. Ann. Cas. 1912 A. P. 350.) The Ohio case of Library Assoc. v. Pelton cited by counsel involved a different state of facts, as portions of the building there were permanently and continuously rented to other persons for the conduct of stores and other private business. The word "private" is not found in the Ohio statute and its use by the Wyoming Legislature makes it clear that the exception is confined to the profit of private individuals, as distinguished from the profit of the lodge. A later Ohio case (Davis v. Camp Meeting Assoc., 57 Ohio S. 257), wherein the finding of facts are exactly similar to the facts in this case, holds that an occasional use of the property for social gatherings will not remove the exemption. A dance hall, or assembly room, cloak room, dining room, and billiard and reading rooms are essential to, and are found in every lodge room. (*In re.* Walker, 200 Ill. 566.) These facts were known to the Legislature when they passed our statute. The land in this case, together with the building, was used for lodge rooms for meeting of secret societies, and that was the essential purpose.

Beard, Justice.

This case was submitted to and decided by the district court upon an agreed statement of facts, from which it appears that the defendant in error was and is a Masonic lodge incorporated as provided in Chapter 278, Comp. Stat. 1910. That it owned a lot in the town of Rock Springs, in Sweetwater County, upon which was situated a three-story building known as the Masonic Temple. That the value of said property was in the neighborhood of $20,000. That the main portion of the second and third floors of the building consists of, and is and was during the year 1913, used by said society as lodge rooms for its meetings, a portion of the second floor being used as a billiard and pool and reading room for its members, and upon the first floor are ante rooms, cloak rooms, and toilet rooms, used by those attending lodge meetings or dances in the building, and that the remaining portion of the first floor consists of a ball room; and that the remaining portion of the third floor is used as a dining or banquet hall, and kitchen. That the ball room was on divers occasions, when not required for its own uses and purposes, rented by the night to dancing clubs and social organizations for a charge of $20 per night, and when not required for its purposes, did so rent it to any reputable club or organization for social dances; provided such persons desired its use for purely social purposes, and not for gain or profit to the club or organization so renting it. And under like circumstances it rented its dining room and kitchen by the night for a charge of $5.00 to churches, charitable, fraternal and social organizations for the purpose of serving suppers and banquets. That the money derived from such rentals was turned into its treasury and used toward defraying the expense of the maintenance of the building. The property was assessed for the year 1913 at an assessed valuation of $8,000 and taxes levied against it on that valuation. It was to enjoin the collection of that tax upon the ground that the property was exempt from taxation that this suit was instituted. The injunction was granted and defendants below appeal.

It is the contention of plaintiffs in error that the portion of the building which when not used by the lodge was rented to others, for which use the lodge charged such parties, it was not exempt from taxation. The question must be determined by the construction to be given to the statute, which is as follows: "Lands with the buildings thereon, used for schools, orphan asylums or hospitals, and for lodge rooms for the meetings of all secret, benevolent and charitable societies or associations shall be exempt from taxation so long as said lands and buildings are not used for private profit." (Sec. 2322, Comp. Stat. 1910.)

The statute is not as definite and explicit in its language as it might be; but we are of the opinion that a fair construction of it, and what was intended by the Legislature, is that property owned and used by such societies for the purposes of their organization and adapted for those purposes is exempt from taxation so long as so used; but property owned by them and not so used, but devoted and used for other purposes for revenue is not exempt. It is not claimed in this case that the lot with the building thereon would not be exempt from taxation but for the fact that when it was not required for use by the lodge for its purposes a part of it was let by the night for hire to others. Under similar circumstances it has been held that such use when it did not interfere with the use by the owner when required by it did not subject the property or any part thereof to taxation. (St. Paul's Church v. Concord, 75 N. H. 420, 75 At. 531, 27 L. R. A. (N. S.) 910, A. & E. Ann. Cases 1912A, 350; First Unitarian Society v. Hartford, 66 Conn. 368, 34 Atl. 89.) The cases in which it has been held that the use of the property was such as to subject it to taxation are those where the property or some part of it was rented or leased for business purposes, such as stores, offices, etc., and was so occupied. It was such use or occupation as would interfere with the use, by the society or organization, of the building for the purposes for which the society was organized, and not merely its occasional use for other purposes when not so required by it. It will be observed that

in many of the states the exemption is limited to property *exclusively* used by the society or organization, while our statute does not use the word "exclusively," which would seem to indicate that it was not intended to subject such property to taxation or to take it out of the exemption by the occasional or temporary use of it by others, as shown by the statement of facts in this case. And we think the use for private profit which would take it out of the exemption is something more than such occasional or temporary use, and is such use as would interfere with the ordinary, proper and legitimate use of it when required or desired by the society for its purposes. If the entire right to use any part or all of the building had been surrendered, as by leasing for business or other purposes, so that the society could not use it if it desired to do so, would present a different question from that in this case. According to the facts in this case, the building was constructed or its apartments arranged for the convenient and proper use of the society, and every part of it was so occupied and used by it at all times when required for its purposes. Our conclusion is, that a fair and proper construction of the statute under consideration does not subject the building or the parts thereof so occasionally and temporarily used by others for hire, to taxation. If we are mistaken in so construing it, it will be an easy matter for the Legislature to make its meaning clear. The judgment of the district court is affirmed.          *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.