SENTER *et al. v.* CITY OF TUPELO.[*]

(Division B.   Sept. 29, 1924.)

[101 So. 372.   No. 2416.]

TAXATION.   *Masonic lodge building, rented in part, held not exempt;
"fraternal and benevolent purposes."*

Where a building was owned by a Masonic lodge, and a part of it is rented for stores and offices, and the proceeds derived from these rentals applied to the payment of the balance of purchase money due on the property, these revenues so derived from these rentals are not used for "fratenal and benevolent purposes" in accordance with section 4252, Code of 1906 (section 6883, Hemingway's Code), and the property is not, therefore, under this section exempt from taxation.

---

*Headnote 1.   Taxation, 37 Cyc, p. 932.

APPEAL from circuit court of Lee county.

HON. CHAS. P. LONG, Judge.

Proceeding between R. L. Senter and others, trustees of Tippah Lodge No. 318, and others, and the city of Tupelo. From a judgment for the latter, the former appeals. Affirmed.

*James A. Finley,* for appellants.

Appellants claim exemption from all state, county and muncipal taxes under section 6883 of Hemingway's Code (Sec. 4252, Code of 1906). Appellee bases its claim of right to tax this property on the case of *Gunter* v. *City of Jackson,* 94 So. 844, and in an attempt to follow the reasoning of the court in that case says that if allowed exemption in this case, appellants could own tax free all the properly in the city of Tupelo. When appellee contends that if the lodges are exempt from taxation in this case they could own tax free all the property in the city of Tupelo, they overlook the vital fact as shown in the agreed statement of facts that this property was purchased with the expectation and purpose of using same as a Masonic Temple.

We admit that should the lodges attempt to go into the market and buy real estate generally, then they would certainly be beyond the intent of the legislature in the matter of the tax exemption statute, but we believe that an examination of the statutes and the record in this case will clearly show that the legislature had in mind just such a case as the one at bar when section 6883 of Hemingway's Code (Sec. 4252, Code of 1906) was enacted by the legislature of 1900 (Chapter 52, Laws of 1900), which amended sec. 6878, Hemingway's Code. Section 4251, Code of 1906.

*Mitchell & Clayton,* for appellee.

It is agreed that the first and second floors of the building sought to be taxed in this matter are rented, and that the lodge collects the rent therefor and uses a large part of such rent to pay the deferred payments on the purchase price of the property. This case falls squarely under the ruling of this court in *Gunter* v. *The City of Jackson,* 94 So. 842 at 844.

Counsel for appellant contends that because the Masonic Lodge, at some time intends to use the third floor of this building as a Masonic Temple, this takes it from under the doctrine announced in the Gunter case. This can certainly have no bearing on the issue. If, for example, this were a ten-story building, and the Masonic Lodge intended to use the tenth story for a lodge room, under the argument, it could rent the other nine floors and use the revenues derived therefrom to pay for the building. It matters not what the intention of the lodge is, the court will only be interested in knowing how the revenue derived from the two floors rented is used. If it is used primarily for benevolent purposes, then the building is not taxable, but if, as in the case at bar, it is used to pay an indebtedness against the building, and thus as an investment, then it is certainly not exempt.

SYKES, J., delivered the opinion of the court.

This appeal is from a judgment of the circuit court of Lee county adjudging the Masonic Temple in Tupelo liable for municipal taxes assessed against it by the city.

The agreed statement of facts shows that this property was purchased by the Masonic bodies through their trustees with the expectation and purpose of using the third floor as a Masonic hall and renting the first and second floors; that the third floor, when finished, would be used as the Masonic Temple; that the first and second floors are now rented by the Masonic lodges, the lower floor being used for a drug store and an electrical sup-

ply shop, and the second floor is used for offices and is rented to various persons; that a large portion of the rental of the store, shop, and offices is used by the lodges in making deferred payments on the purchase price of the property.; that the Masonic bodies are benevolent orders on the lodge system, and no dividends are declared. The question presented is whether or not this Masonic building thus used is exempt from taxes under section 6883, Hemingway's Code (section 4252, Code of 1906). The portion of this section applicable to this question reads as follows:

"All the property, real and personal, and the revenues derived therefrom belonging to any . . . benevolent order on the lodge system where no dividends are declared and where the revenues thereof are used for fraternal and benevolent purposes, shall be exempt from all state, county, and municipal taxes."

The revenues derived from the renting of these stores and offices is used for a business purpose; namely, applied in payment of the balance due on the purchase price of the property. This use is not for fraternal and benevolent purposes. *Gunter* v. *City of Jackson*, 130 Miss. 637, 94 So. 844.

The lower court held the property subject to taxation, and the judgment is affirmed.

*Affirmed.*