[Civil No. 3188. Filed June 27, 1932.]

[12 Pac. (2d) 613.]

GEORGE J. CONRAD, S. W. NEWTON, OSCAR C. BARTLETT, W. J. HORSPOOL, A. C. TAYLOR, G. J. HAMMOND and BEN L. RUDDEROW, as Trustees for ARIZONA LODGE No. 2, FREE AND ACCEPTED MASONS, Appellants, v. COUNTY OF MARICOPA, IN THE STATE OF ARIZONA, and CITY OF PHOENIX, a Municipal Corporation, Appellees.

Mr. E. O. Phlegar, for Appellants.

Mr. Dudley W. Windes, for Appellee County.

Mr. Charles A. Carson, Jr., for Appellee City.

LOCKWOOD, J.—This is a suit by George J. Conrad and others, as trustees for Arizona Lodge No. 2 Free and Accepted Masons, hereinafter called plaintiffs, to recover from the county of Maricopa and the city of Phoenix, a municipal corporation, herein-

after called defendants, certain taxes paid by plaintiffs on property held by them in trust for such lodge, situated in the city of Phoenix, and commonly known as the Masonic Temple. The case was heard before the court, which rendered judgment in favor of the defendants, and the matter is before us for review.

The question involved is one of law, as there is no serious dispute on the facts, the only disagreement being as to the inferences to be drawn therefrom. The case must be determined by the interpretation of certain provisions of the Constitution and statutes. These provisions read, so far as applicable to this case, as follows:

" . . . Property of educational, charitable and religious associations or institutions not used or held for profit may be exempted from taxation by law. . . . " Section 2, art. 9, Constitution of Arizona.

" . . . All property shall be subject to taxation, except . . . hospitals, asylums, poor houses, and other charitable institutions for the relief of the indigent or afflicted, and the lands thereto appurtenant, with their fixtures and equipment, not used or held for profit. . . . " Section 3066, Rev. Code 1928.

The position of plaintiffs may be stated syllogistically as follows: (a) "Charitable institutions" for the relief of the indigent and afflicted, and the lands thereto appurtenant with their fixtures and equipment not used or held for profit, are exempt from taxation under section 3066, *supra;* (b) Arizona Lodge No. 2, Free and Accepted Masons, is a "charitable institution" for the relief of the indigent and afflicted which owns property not used or held for profit, among such property being the Masonic Temple; (c) therefore the Masonic Temple is exempt from taxation.

It is the contention of defendants, on the other hand, that the proposition stated by plaintiff, while plausible upon its face, when analyzed contains the

fallacy known in logic as that of the four terms. In other words, that the "charitable institution" in the minor premise is a very different thing from the "charitable institution" exempt from taxation in the major premise.

There are two general principles which we think are applicable to this situation. The first is that laws exempting property from taxation are to be construed strictly. The presumption is against the exemption, and every ambiguity in the statute will be construed against it. *Weller* v. *City of Phoenix*, 39 Ariz. 148, 4 Pac. (2d) 665; *Philadelphia etc. R. Co.* v. *Maryland*, 10 How. 376, 13 L. Ed. 461.

The second is the well-known rule of *ejusdem generis*, to the effect that when general words follow the enumeration of particular classes, the general words will be limited to persons or things of the class to which the specific words belong. 36 Cyc., p. 1119.

The constitutional provision does not of itself exempt any property from taxation. It merely permits the legislature to exempt such of the property of "charitable . . . associations or institutions" as is not used or held for profit. And under this the legislature cannot grant more, but may give much less than the exemption permitted by the Constitution.

The word "institution" is defined in the International Dictionary as being "an established or organized society or corporation . . . also a building or the buildings occupied or used by such organization." It is obvious to us that in the constitutional provision above quoted the word "institution" applies to the established society itself and not to the buildings owned or occupied by the organization. If this were not true, it would be superfluous to use the words "property of . . . institutions." When, however, we come to the statute which actually specifies what exemptions are granted, it will be noted the exemption is not of all property belonging to certain owners, or

even to all property belonging to such owners which is not used or held for profit. The exemption specifies, first, certain named institutions, to wit, hospitals, asylums, and poorhouses, and then adds "other charitable institutions"; and limits particularly the purpose for which all these institutions are to be used as being "for the relief of the indigent or afflicted," and also exempts the "land thereto appurtenant." The words "hospitals, asylums, poorhouses," certainly would ordinarily be held to apply to physical structures and not legal organizations. Further the use of the word "appurtenant" in ordinary legal parlance generally presupposes not an individual or organization which owns certain property, but the physical property itself. We think, therefore, that the "charitable institutions" referred to in the subdivision of section 3066 above quoted are physical property or buildings, whose principal use is for the relief of the indigent or afflicted, when such property is not used or held for profit, and not the organizations themselves, even though charitable in their nature, which may or may not hold certain of their property as exempt.

Applying these principles of law to the facts, it is obvious to us that, even assuming Arizona Lodge No. 2 is a "charitable institution" within the constitutional provision, the Masonic Temple is not a "charitable institution" within the terms of section 3066, *supra*. It consists of three lodge rooms, an auditorium, banquet room, offices for officials, lounge rooms, kitchen, and various storage rooms, appropriately furnished and prepared for use for the purposes which their names designate. None of these rooms are used in any manner for the relief of the indigent or the afflicted. The only connection which the temple has with such relief is that the *organization which owns it* has that as one of its objects, and uses part of funds

derived from many sources, among which is the rental of certain portions of the temple, for that purpose.

Counsel for both plaintiffs and defendants have cited to us many cases in other jurisdictions where a similar question has arisen. Among these cases are found the following: *Board of Comm.* v. *Denver & R. G. R. R. Co., etc.,* 70 Colo. 592, 22 A. L. R. 907, 203 Pac. 850; *State* v. *McDowell Lodge,* 96 W. Va. 611, 38 A. L. R. 31, 123 S. E. 561; *Horton* v. *Colorado Springs Building Soc.,* 64 Colo. 529, L. R. A. 1918E 966, 173 Pac. 61; *Burdine* v. *Grand Lodge,* 37 Ala. 478; *Mayor of Savannah* v. *Solomon's Lodge,* 53 Ga. 93; *Morrow* v. *Smith et al.,* 145 Iowa 514, Ann. Cas. 1912A 1183, 26 L. R. A. (N. S.) 696, 124 N. W. 316; *Mason* v. *Zimmerman,* 81 Kan. 799, 106 Pac. 1005; *Masonic Home* v. *Sedgwick County,* 81 Kan. 859, 26 L. R. A. (N. S.) 702, 106 Pac. 1082; *Fitterer* v. *Crawford,* 157 Mo. 51, 50 L. R. A. 191, 57 S. W. 532; *Plattsmouth Lodge* v. *Cass County,* 79 Neb. 463, 113 N. W. 167; *Cumberland Lodge* v. *Nashville,* 127 Tenn. 248, 154 S. W. 1141; *Hardin* v. *Rock Springs Lodge,* 23 Wyo. 522, 154 Pac. 323; *Masonic Temple Assn.* v. *Amarillo Independent School Dist.,* (Tex. Civ. App.) 14 S. W. (2d) 128; *Manhattan Masonic Temple Assn.* v. *Rhodes,* 132 Kan. 646, 296 Pac. 734; *Senter* v. *City of Tupelo,* 136 Miss. 269, 101 South. 372. We have read and examined them, as well as others not cited, with care, and are of the opinion that those, holding property such as that involved herein to be exempt from taxation are either based on statutes and constitutional provisions which are not similar to ours, either in language or in principle, or that they are not well reasoned.

For the foregoing reasons we hold that the Masonic Temple, owned by plaintiffs in this action, is not exempt from taxation by the provisions of section 3066, *supra,* and the judgment of the superior court of Maricopa county is therefore affirmed.

McALISTER, C. J., and ROSS, J., concur.