598 P.2d 102

Richard F. **HILLMAN,** Assessor, County of Coconino, Rose Stacy, Treasurer, County of Coconino, County of Coconino, and Arizona Department of Revenue, Appellants,

v.

**FLAGSTAFF COMMUNITY HOSPITAL,** an Arizona non-profit Corporation, Appellee.

No. 14317–PR.

Supreme Court of Arizona, In Banc.

July 24, 1979.

Bruce E. Babbitt, former Atty. Gen., John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen. by Edwin P. Lee, Asst. Atty. Gen., Phoenix, for appellants.

Mangum, Wall, Stoops & Warden by Gerald W. Nabours, Flagstaff, Lewis & Roca by Roger W. Kaufman, Paul G. Ulrich, Jay S. Ruffner, Terrence M. Slaven, Phoenix, for appellee.

STRUCKMEYER, Vice Chief Justice.

Flagstaff Community Hospital commenced this action to recover taxes paid under protest in 1975 and the first half of 1976. The Superior Court granted the plaintiff's motion for summary judgment and this appeal followed. The Court of Appeals affirmed, holding in part that A.R.S. § 42–271(4) does not require the land to actually be in use before it can qualify for a charitable exemption. Opinion of the Court of Appeals vacated. Judgment of the Superior Court reversed and remanded with directions.

The facts of this case are not in dispute. The hospital purchased the two lots in question on December 11, 1974. They were located about two city blocks from the hospital. In February of 1975, it filed an affidavit pursuant to A.R.S. § 42–274 [1] with the Coconino County Assessor, claiming an exemption from taxation for 1975. The claim was rejected. The following year, plaintiff submitted another affidavit, claiming exemption for 1976. This was also rejected, and this action was brought to recover the taxes.

A.R.S. § 42–271(4) provided: [2]

"All property in the state shall be subject to taxation, except:

\*    \*    \*    \*    \*    \*

4. Hospitals \* \* \* and other charitable institutions for relief of the indigent or afflicted, and the lands *appurtenant* thereto, with their fixtures and equipment, not used or held for profit." (Emphasis added.)

Since the parties stipulated that the lots were not being used or held for profit, the issue is whether the lots were "appurtenant" to the hospital within the meaning of the statute.

It is the established rule in Arizona that property is not exempt from taxation unless expressly or unequivocally exempted by the Legislature. *Maricopa County v. North Phoenix Baptist Church*, 2 Ariz.App. 418, 409 P.2d 577 (1936); *Conrad v. County of Maricopa*, 40 Ariz. 390, 12 P.2d 613 (1932); *Waller v. Hughes*, 2 Ariz. 114, 11 P. 122 (1886). Laws exempting property from taxation must be strictly construed

1. "A. A person claiming exemption from taxation under the provisions of section 2, article 9, constitution of Arizona, shall appear before the county assessor when such exemption is claimed for the first time and in subsequent years shall appear before the county assessor or a notary public and make affidavit as to his eligibility, answering fully all questions appearing on a form provided by the county assessor for such purpose or otherwise propounded, but a person in the military service of the United States who is absent from the state, or who is confined in a veterans' hospital or in any licensed hospital, may make the required affidavit in the presence of any officer authorized to administer oaths upon a form obtained from the county assessor.

   B. A false statement made or sworn to in the affidavit shall constitute and be punishable as perjury." A.R.S. § 42–274, as amended Laws 1970, Ch. 131, § 1.

2. Amended by Laws 1977, Ch. 172, § 17.

and the presumption is against the existence of an exemption. *City of Phoenix v. Bowles*, 65 Ariz. 315, 180 P.2d 222 (1947).

■ A.R.S. § 42–271(4) grants an exemption to property actually used for charitable purposes. In *Conrad v. County of Maricopa*, supra, we said:

"When, however, we come to the statute which actually specifies what exemptions are granted, it will be noted *the exemption is not of all property belonging to certain owners, or even to all property belonging to such owners which is not used or held for profit.* The exemption specifies, first, certain named institutions, to wit, hospitals, asylums, and poorhouses, and then adds 'other charitable institutions'; and limits particularly the purpose for which all these institutions are to be used as being 'for the relief of the indigent or afflicted,' and also exempts the 'land thereto appurtenant.' The words 'hospitals, asylums, poorhouses,' certainly would ordinarily be held to apply to physical structures and not legal organizations. Further the use of the word 'appurtenant' in ordinary legal parlance generally presupposes not an individual or organization which owns certain property, but the physical property itself. We think, therefore, that the *'charitable institutions'* referred to in the subdivision of section 3066 [now A.R.S. § 42–271(4)] above quoted *are physical property or buildings, whose principal use is for the relief of the indigent or afflicted*, when such property is not used or held for profit, and not the organizations themselves, even though charitable in their nature, which may or may not hold certain of their property as exempt." *Id.* 40 Ariz. at 393, 12 P.2d at 615. (Emphasis added.)

It is therefore ownership by the hospital and use of physical property for a charitable purpose which determines whether it and the lands *appurtenant thereto* are exempt.

■ "Appurtenant" is defined by Webster (3rd International Dictionary) as "1a. annexed * * *." The lots in question were not annexed to the hospital's physical property. To the contrary, they were located two city blocks south-southeast of the hospital and were vacant and unused during 1975 and 1976. They were held for the sole purpose of some yet to be defined future expansion. Since the law must be strictly construed against the claim of exemption, we hold the property was not exempt from taxation.

Judgment reversed and the cause remanded with directions for proceedings consistent with this opinion.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.