[Civil No. 3293.   Filed June 9, 1933.]

[22 Pac. (2d) 1076.]

LOIS GRUNOW MEMORIAL CLINIC, a Corporation, Appellant, v. ED OGLESBY, Assessor of Maricopa County, Arizona, et al., Appellees.

Mr. H. S. McCluskey, for Appellant.

Mr. Renz L. Jennings, Mr. M. L. Ollerton, Mr. Dudley W. Windes and Mr. Charles L. Strouss, for Appellee Maricopa County.

Mr. L. C. McNabb, Mr. Wm. C. Eliot, Mr. Charles A. Carson, Jr., and Mr. James E. Nelson, for Appellee City of Phoenix.

RODGERS, Superior Judge.—This is a suit instituted by Lois Grunow Memorial Clinic, a corporation, against the tax officials of the state of Arizona, the county of Maricopa, and the city of Phoenix, a municipal corporation, the ultimate object and purpose of which is to prevent by judicial interposition and mandate the assessment and collection of state, county and municipal taxes, levied and assessed against the real and personal property of the appellant, located in the city of Phoenix, Maricopa county, Arizona, and more particularly described as lots 16, 17 and 18, block 6, Hurley Heights subdivision, an addition to the city of Phoenix, and the building erected thereon, and the personal property and equipment therein contained.

There is no substantial conflict as to the material facts presented for consideration, the actual controversy being predicated upon the proper legal deductions to be drawn from the facts in the premises.

The appellant presents two propositions of law in support of its contentions that its property, both real and personal, should be exempted from taxation. The two propositions so presented are summarized by appellant in the form of interrogatories, and are stated as follows:

"Is the use to which appellant's property is devoted of such character as to exempt it from taxation under the constitution and laws of the State of Arizona?

"Is section 611 of the Revised Code of Arizona of 1928 unconstitutional?"

We will consider these propositions in the order presented.

The answer to the first proposition must be determined by reference to, and the interpretation of, certain constitutional provisions and statutory enactments in so far as they are pertinent to the questions involved.

The pertinent part of section 2 of article 9 of the Constitution of Arizona reads as follows:

"Property of educational, charitable and religious associations or institutions not used or held for profit may be exempt from taxation by law. . . . All property in the State not exempt under the laws of the United States or under this constitution, or exempt by law under the provisions of this section shall be subject to taxation to be ascertained as provided by law."

Section 611, article 3, chapter 14, of the Revised Code of Arizona 1928, reads as follows:

"*Scientific Research Corporations; When Tax Exempt.* Corporations may be formed for research, investigation and experimentation in agriculture, horticulture, biology, botany, arboriculture and other scientific subjects. When any such corporation shall be organized not for profit and shall have no capital stock, all property of such corporation, used for its purposes or in connection with its work, including all property held by or for such corporation for the carrying on of the work thereof, shall be exempt from taxation so long as the same shall be used for such purposes only, and not used or held for profit."

Section 3066, chapter 75, article 2, of the Revised Code of Arizona 1928, reads in part as follows:

" . . . All property shall be subject to taxation, except: . . .

"2. Public libraries, colleges, school houses, *and other buildings used for education,* with their furniture, libraries, and equipments, and the lands thereto appurtenant and used therewith, so long as the same shall be used for the purpose of education and not used or held for profit, but when such property is

private property, from which a rent or valuable consideration is received for its use, it shall be taxed as other property." (Italics ours.)

"3. Hospitals, asylums, poor houses, *and other charitable institutions for the relief of the indigent or afflicted,* and the lands thereto appurtenant, with their fixtures and equipments, not used or held for profit. . . . " (Italics ours.)

Appellant contends that it is exempt from taxation as a scientific research institution under section 611, *supra;* that it is also entitled to tax exemption as an educational institution under subdivision 2 of section 3066, *supra;* and, further, that it is likewise exempt from taxation as a charitable institution for the relief of the indigent and the afflicted under the provisions of subdivision 3 of said section 3066.

In considering the proper legal interpretation and application of laws exempting property from taxation, we are necessarily guided by the well-established principle that such laws are to be strictly construed and that the presumption is against tax exemptions. *Conrad* v. *Maricopa County,* 40 Ariz. 390, 12 Pac. (2d) 613.

The constitutional provision here invoked merely permits the exercise of a legislative prerogative in regard to exempting property from taxation. It provides that:

"Property of *educational, charitable* and religious associations or institutions not used or held for profit *may* be exempt from taxation by law." (Italics ours.)

The ultimate expression by legislative enactment of the power thus given by the provisions of the Constitution, *supra,* is contained in section 611 and subdivisions 2 and 3 of section 3066, *supra.*

We are therefore called upon to determine whether or not the facts in this case bring the appellant within the statutory exemptions as a charitable or

an educational institution, or association or a scientific research corporation, consonant with the legal purport and effect of the law therein enunciated.

The evidence discloses that, while some charitable practice is done individually by the several physicians and surgeons who rent and occupy offices in the building of the appellant, voluntarily and of their own accord, yet each of them pays rent and conducts his own business for a profit, and makes charges for his professional services, much as do physicians and surgeons in general. They are therefore in no different position than are other physicians and surgeons who perform a similar charitable service, and the fact that they rent space in the building of the appellant and conduct therein a private practice in no way differentiates them from any other physician or surgeon who does likewise in connection with his practice elsewhere; nor do these highly commendable charitable acts on the part of those individuals who occupy offices in the building of the appellant inure to its benefit in such a way as to constitute it a charitable institution within the purview of the law as set forth in the statute.

In view of the facts in this case, it cannot be said that the building and equipment of appellant are used for charitable purposes, nor can it be said that they are not used for profit. Whether or not a profit is in reality derived from the business there conducted is beside the question, the test being whether or not the building and equipment are used in an effort to derive a profit therefrom, if possible. The evidence conclusively establishes that the building and equipment of the appellant are being used by those who rent space therein in connection with the practice of their profession for the very obvious purpose of deriving a profit therefrom.

The legal question here involved has been definitely and conclusively determined by this court in the case

of *Conrad* v. *Maricopa County, supra,* in the following language:

"We think, therefore, that the 'charitable institutions' referred to in the subdivision of section 3066 above quoted [subdivision 3] are physical property or buildings, whose principal use is for the relief of the indigent or afflicted, when such property is not used or held for profit, and not the organizations themselves, even though charitable in their nature, which may or may not hold certain of their property as exempt."

An educational institution has been judicially defined as "one which teaches and improves its pupils; a school, seminary, college or educational establishment." *Cumberland Lodge No. 8, F. & A. M.,* v. *Nashville,* 127 Tenn. 248, 154 S. W. 1141; *Curtis* v. *Allen,* 43 Neb. 184, 61 N. W. 568; *Essex* v. *Brooks,* 164 Mass. 79, 41 N. E. 119; *Peck* v. *Claflin,* 105 Mass. 420; *North St. Louis Gymnastic Society* v. *Hudson,* 85 Mo. 32.

Applying these established principles of law to the facts in this case, we find no support for the contention of the appellant that the property here involved is being devoted to educational uses and purposes in such a way or to such an extent as to render it exempt from taxation under and by virtue of the statutory laws of the state providing for tax exemptions.

The further contention is made by appellant that its property, which is the subject of this controversy, is being used for purposes of scientific research, and that it is therefore exempt from taxation under the provisions of section 611, *supra.* The evidence discloses that some efforts along the line of scientific research have been undertaken by those connected with the Lois Grunow Clinic. However, whatever may have been done in that respect has been merely incidental to the general activities of the clinic, and

has not been such as to establish it as an institution devoted to scientific research not conducted for profit.

The appellees have called into question the constitutionality of said section 611, and in that behalf contend that the statute exceeds the prescribed constitutional limitations relative to tax exemptions.

In any event, the appellant does not come within the provisions of the statute pertaining to scientific research, as we have heretofore stated, and, since we do not have under consideration a scientific research institution organized and operated for that purpose, and not for profit, we do not find it necessary to determine in this case the constitutional question presented, and we therefore prefer to leave that question to be determined, if it should hereafter arise, in connection with a case clearly presenting that issue.

For the reasons herein set forth, we hold that the real and personal property owned by the appellant in this action is not exempt from taxation, and the judgment of the superior court of Maricopa county is therefore affirmed.

ROSS, C. J., and McALISTER, J., concur.

NOTE. — Judge LOCKWOOD being ill, Honorable G. A. RODGERS, Judge of the Superior Court of Maricopa County, was called to sit in this case.