MAY ODLE et al., appellants, v. IOWA STATE TAX COMMISSION
et al., appellees.

No. 48739.

(Reported in 71 N.W.2d 584)

JULY 27, 1955.

George S. Marty and Breese & Cornwell, all of Mason City, for appellants.

Dayton Countryman, Attorney General, Edward R. Hayes, Special Assistant Attorney General, and William Pappas, County Attorney of Cerro Gordo County, for appellees.

OLIVER, C. J.—The basic question here is whether a military-service-tax exemption allowed a claimant then residing and domiciled in Iowa continues for subsequent years after the termination of such Iowa residence and domicile.

Appellant May Odle is and has been the owner of a lot in Mason City, Cerro Gordo County, Iowa. In 1946 her husband, appellant Harold W. Odle, made application for tax credit or exemption upon the lot, as an honorably discharged soldier of the war with Spain. The county board of supervisors allowed the claim and it was certified each year to Iowa State Tax Commission. Appellants had been and continued to be residents of and domiciled in Cerro Gordo County until 1951, since which time they have resided in the state of Florida. March 8, 1954, the allowance was certified to Iowa State Tax Commission, for the year 1953. March 9, 1954, the Commission set aside the allowance on the ground claimants were not then residents of and domiciled in Iowa. Claimants appealed to district court. Trial there resulted in the dismissal of their appeal. From that judgment they prosecute this appeal.

I. The case turns upon the construction of certain statutes. Readlyn Hospital v. Hoth, 223 Iowa 341, 344, 272 N.W. 90, 91, thus states a well-settled rule of statutory construction in tax exemption cases: "Statutes passed for the purpose of exempting property from taxation must be strictly construed, and if there is any doubt upon the question it must be resolved against the exemption and in favor of taxation. The exemption is not to be made by judicial construction, but anyone claiming exemption from taxation under a statute must show clearly that

the property is exempt within the terms of the constitution and the statute."

The doctrine was reaffirmed in Lamb v. Kroeger, 233 Iowa 730, 8 N.W.2d 405, 149 A. L. R. 1475, a military-service-tax-exemption case.

II.   Section 427.3, Code of Iowa, 1954, provides for the exemption from taxation of property not to exceed $1800 in taxable value of any honorably discharged soldier of the war with Spain. Section 427.4 extends the exemption to property in the name of the veteran's wife, among others. Section 427.5 states:

"Any person named in section 427.3, provided he is a resident of and domiciled in the state of Iowa, shall receive a reduction equal to his exemption, to be made from any property owned by such person and designated by him by proceeding as hereafter provided. * * * Said person shall file with the county auditor his claim for exemption or reduction in taxes under oath, which claim shall set out the fact that he is a resident of and domiciled in the state of Iowa, * * *. No person may claim a reduction or exemption in more than one county of the state, * * *."

Code section 426A.3 requires certification each year to the county treasurer of all claims for military-service-tax exemptions allowed by the board of supervisors. The county treasurer certifies them to the State Tax Commission. Section 426A.6 authorizes the State Tax Commission to set aside the allowance of any such claim for exemption within one year after it receives the certificate of such exemption by any county treasurer, should the Commission determine, upon investigation, such allowance is not justifiable under the law and not substantiated by proper facts.

Section 427.6 states in part:

"Said claim for exemption, if filed on or before July 1 of any year and allowed by the board of supervisors, shall be effective to secure an exemption for the year in which such exemption is filed, and when a claim has once been made and allowed,

it shall be effective thereafter during the period of ownership of the property designated or of the homestead, as the case may be, or until the death of all persons named in section 427.3 who remain equitable and legal owners of said property."

Appellants rely upon language in this section: "when a claim has once been made and allowed, it shall be effective thereafter * * *." They contend the word "effective" in the foregoing clause means effective to secure an exemption. The result of such construction would be that, after the first year, the annual consideration of the claim by the board of supervisors would be limited to the survivorship of claimants and their ownership of the property. To thus discard, for the second and each succeeding year, the requirement of residence and domicile, would not accord with the spirit of the section which expressly makes Iowa residence and domicile essential to the eligibility for the exemption and requires proof thereof, under oath, in the application therefor. Moreover, the authority granted the State Tax Commission by section 426A.6 to set aside the allowance of an exemption certified to it is not limited to the first year such exemption is claimed and allowed, nor is it thereafter curtailed. This is inconsistent with appellants' construction of the language in section 427.6, "when a claim has once been made and allowed, it shall be effective thereafter * * *."

Appellees construe this language to mean a claim once allowed shall be effective thereafter, as a claim. They assert the statute simply creates an automatic or continuing claim, without further filing requirements, but subject to reconsideration each year before the exemption for such year is allowed. This construction is reasonable. The provisions of other statutes, above noted, tend to support it. We conclude the clause in question, when considered in connection with associated statutes, does not clearly authorize the allowance of the tax exemption for subsequent years after claimants have ceased to be residents of and domiciled in Iowa. Hence, under the rule above noted, the allowance of the tax exemption for the year 1953 was properly set aside.

III. Code section 426A.6 provides the State Tax Commission may set aside the allowance of an exemption within one

year after the receipt by it of the certification of such exemption by the county treasurer. This does not mean the Commission is without power to set aside an annual allowance one year or more after the approval of the original claim. The limitation refers to each annual certification. In this case the allowance was set aside the day following the receipt by the Commission of the certification of the exemption by the county treasurer for the year 1953. It is clear this was timely.

It may be well to observe Code section 427.6, as amended in 1955 by chapter 219, section 2, Senate File 18, Acts of the Fifty-sixth General Assembly, now states: "Said claim for exemption, if filed on or before July 1 of any year and allowed by the board of supervisors, shall be effective to secure an exemption only for the year in which such exemption is filed."

The judgment of the district court is affirmed.—Affirmed.

GARFIELD, WENNERSTRUM, MULRONEY, HAYS, SMITH, THOMPSON, and LARSON, JJ., concur.