IN RE ESTATE OF GOETZ.

[Cite as In re Estate of Goetz, 8 Ohio Misc. 143.]

(No. 243983—Decided March 23, 1966.)

PROCEEDING TO FIX INHERITANCE TAX: Hamilton County Probate Court.

*Mr. Harley S. Hamilton*, for executors.
*Mr. William B. Saxbe*, attorney general, and *Mr. Thomas J. Moyer*, for Tax Commissioner.

DAVIES, J. This matter came before the court upon the exceptions of the Provident Bank and Joseph H. Assel as executors of the estate of Christian J. Goetz, deceased, to an order fixing inheritance taxes upon bequests made by said decedent to the Northeastern Bird Banding Association, The Wilson Ornithological Society, American Ornithological Union, and The National Audubon Society, because, the exceptors claim, said institutions qualify under Section 5731.09, Revised Code, as institutions of public charity carried on in a substantial part within the state of Ohio or qualify as institutions of learning as provided by said section.

Under the will of Christian J. Goetz, who died on February 3, 1964, certain bequests were made to the above named societies.

The evidence discloses that The American Ornithological Union is incorporated in the District of Columbia dedicated to the furtherance of knowledge of birds. The organization engages in research primarily regarding North American birds. Its publication, "The Auk," is distributed to universities and museums. The American Union also publishes a check list of North American birds and is the final authority on the naming and location of birds. The organization's activities are strongly represented in Ohio. The Wilson Ornithological Society is an Illinois corporation dedicated particularly to the study of songs and diseases of birds and to the conservation of birds.

The members hold an annual meeting and a publication is distributed four times a year. "Bird-Banding" is published by the Northeastern Bird Banding Association which is a Massachusetts corporation. The publication is issued four times a year and is concerned primarily with the migratory habits of birds. The publication is distributed in Ohio and the activities of the association are executed here. It is alleged that the purpose of each of these organizations is educational.

The National Audubon Society is a corporation dedicated to the conservation of all natural resources and the education of the public through publications, lectures, broadcasts and films. The society has 44,000 members and affiliates in all states. It publishes a magazine issued six times a year to libraries and members. The society conducts Audubon camps which are designed to instruct teachers in the subject of conservation. The society also conducts nature centers at which students are instructed on conservation. The society also has formed Junior Clubs through which teachers are provided material with which to teach students the aspects of conservation.

No testimony was offered to show that any of the four organizations were organized "for purposes only of public charity."

Section 5731.09, Revised Code, provides, in part, as follows: "The succession to any property passing to or for the use of * * * any public institution of learning * * * or any established religious organization or any community trust or community foundation for purposes only of public charity, within any state of the United States, which does not impose an inheritance, estate, or transfer tax on property given, devised, or bequeathed by a resident thereof to an institution of learning, or any public hospital not for profit, or any established religious organization, or any community trust or community foundation for purposes only of public charity within this state, or to or for the use of an institution for purposes only of public charity, carried on in whole or in a substantial part within this state, * * * shall not be subject to Section 5731.02, Revised Code. * * *,"

Statutes exempting certain legacies from an inheritance tax should be strictly construed. To be exempt from an inheritance tax, a legacy must come within the strict letter of the

statutory enactments. *Tax Comm.* v. *Paxson, Admr.*, 118 Ohio St. 36; *In re Rudge's Estate*, 114 Neb. 335, 207 N. W. 520; *Board of National Missions* v. *Neeld*, 9 N. J. 349, 88 A. 2d 500; *Sisters of Charity* v. *Corey*, 73 N. J. L. 699, 65 Atl. 500; *Trustees of Rutgers University* v. *Piscataway Township*, 134 N. J. L. 85, 46 A. 2d 56. One claiming property to be exempt from taxation must clearly bring his property within the provisions of the law, since all doubts are resolved against the exemption. *McCullough* v. *Board of Review*, 183 Ill. 373.

The ordinary meaning of an "educational institution" is a place where classes are conducted, such as schools and colleges, not an institution which furnishes some education in no matter what branch, as an incidental adjunct to its main purpose. *Board of National Missions* v. *Neeld*, 9 N. J. 349, 88 A. 2d 500, *supra*.

Statutes granting tax exemption will be construed strictly in favor of taxation, and the burden is on the person asserting the claim of exemption to prove clearly and conclusively that the use of the property in question is within both the constitutional authorization and the terms of the statute under which the claim of exemption is made, and each individual claim for exemption must be determined from the facts presented. A school within the meaning of the constitutional provision for tax exemption is a place where systematic instruction in useful branches is given by methods common to schools and institutions of learning, which would make the place a school in the common acceptation of the word as distinguished from what are called schools where instruction is given in other things, and exemption extends only to those private educational institutions which provide at least some substantial part of the educational training which otherwise would be furnished by various publicly-supported schools, and thereby lessen the tax burden imposed upon the public. *Coyne Electrical School* v. *Paschen*, 12 Ill. 2d 387, 146 N. E. 2d 73.

The Supreme Court of Ohio, in the case of *In re Estate of Taylor*, 139 Ohio St. 417, after considering a case involving the right of a devisee to exemption from taxation as a charitable institution or an institution of learning, held as follows: "A right to exemption from taxation must appear with reasonable certainty in the language of the Constitution or valid statute and must not depend upon a doubtful construction of such lan-

guage. There is no presumption of exemption from taxation because the institution claiming it is of a religious or charitable nature. Under Section 5334, General Code (now Section 5731.09, Revised Code), a charitable institution claiming exemption from the payment of inheritance taxes must prove that it is an institution for purposes only of public charity carried on in whole or in substantial part within this state. To secure the exemption from inheritance taxes provided in Section 5334, General Code (now Section 5731.09, Revised Code), a party claiming to be an institution of learning within another state must prove that it is composed of learned persons associated together for the purpose of instructing others in some of the accumulated knowledge, skill or wisdom of mankind. An institution of learning embraces the idea of capable persons in a position to impart knowledge and skill to others who are in a position to learn same.''

Based upon the holding in *In re Estate of Taylor, supra*, and the other cases cited, we must decide that none of the four exceptors qualify as an ''institution of learning'' or an institution organized ''for purposes only of public charity,'' under the provisions of Section 5731.09, Revised Code.

The exceptions of the executors, therefore, will be overruled.

*Exceptions overruled.*