AMERICAN COLLEGE TESTING PRO-
GRAM, INC., Appellant,

v.

William H. FORST, as Director of the De-
partment of Revenue of the State of
Iowa, Appellee.

No. 54195.

Supreme Court of Iowa.

Dec. 15, 1970.

Robert W. Jansen, of Trott & Jansen,
Iowa City, and John R. Mackaman, of

Dickinson, Throckmorton, Parker, Mann-
heimer & Raife, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Ste-
phen J. Peetosa, Asst. Atty. Gen., for ap-
pellee.

STUART, Justice.

This is an action for a declaratory judg-
ment. The only issue presented on this ap-
peal is whether plaintiff is exempt from
the payment of sales and use tax as a "pri-
vate nonprofit educational institution" un-
der the provisions of section 422.45 subsec-
tion 8, 1966 Code as amended by chapter
349, Acts of the 62nd General Assembly.
The trial court denied the exemption. We
affirm.

American College Testing Program, Inc.
(ACT) is a corporation not for pecuniary
profit organized under chapter 504, 1966
Code. Since May 1965 it has held an ex-
emption from federal income tax under
section 501(c) (3) Internal Revenue Code.
It is a membership corporation composed
of one member from each of the 33 partic-
ipating states. Each member is elected by
the vote of all educational institutions and
organizations within the state which par-
ticipate in the ACT program. The mem-
bers meet once a year and elect a 12 man
board of trustees.

ACT's primary purpose is to assist col-
lege bound high school students and the
educational institutions in achieving the
best possible match between a student's po-
tential, interests and ambitions on one hand
and the available educational facilities on
the other. It has prepared a battery of
tests for the student covering English,
mathematics, social studies and natural sci-
ences. A personal profile questionnaire is
also used to give the institution a better
picture of the student by assisting him in
presenting himself as fully and completely
as possible in aspects that test scores would
not be likely to reflect.

The answer sheets are sent to Iowa City
where they are scored and analyzed. Cop-

ies are sent to the student through the guidance counselor of his high school and to three colleges of his choice. The test scores help the student decide which college to attend and what courses to take. It aids the college in determining the student's chances of succeeding in its program and in guiding his course of study. It is a useful tool for the high school guidance counselor and helps the high school evaluate its own programs in the tested areas.

The only similar organization is the College Entrance Examination Board, which is designed to furnish similar services to students seeking admission to highly selective colleges and universities. ACT is programmed for state supported universities and colleges and less selective private educational institutions. ACT is financed by the $6 fee each student pays to take the tests. During the 1968–1969 fiscal year 950,000 students were tested.

There are no students, teachers or classes in ACT. It maintains a small but adequate library in the area of educational measurement. It has an invitational summer program for post-doctoral fellows who are paid $3000 to pursue a research program using ACT's facilities, library and amassed data.

I. The only serious question before us is whether ACT is an "educational institution" within the meaning of section 422.-45(8), Code of Iowa.

Taxation is the rule and exemption from taxation the exception. Therefore exemption statutes must be strictly construed and any doubts must be resolved against the exemption and in favor of taxation. The burden is on the one claiming the exemption to clearly show his right thereto. South Iowa Methodist Homes, Inc. v. Board of Review (1965), 257 Iowa 1302, 1304, 136 N.W.2d 488, 489; Trinity Lutheran Church v. Browner (1963), 255 Iowa 197, 200, 121 N.W.2d 131, 133; Odle v. Iowa State Tax Commission (1955), 246 Iowa 1241, 1242–1243, 71 N.W.2d 584, 585; Readlyn Hospital v. Hoth (1937),

223 Iowa 341, 344, 272 N.W. 90, 91–92; Trustees of Griswold College v. State of Iowa (1877), 46 Iowa 275, 278; 84 C.J.S. Taxation § 225.

If we are to give this well recognized and often repeated rule anything more than lip service, we must hold ACT does not come within the exemption granted "private nonprofit educational institutions".

One ordinarily thinks of an educational institution as a school, college or university with students, faculty and an established curriculum. Lois Grunow Memorial Clinic v. Oglesby (1933), 42 Ariz. 98, 22 P.2d 1076, 1078, and citations; In Re Estate of Goetz (1966), 8 Ohio Misc. 143, 218 N.E. 2d 483, 485. See: section 1.151–3(c) Federal Income Tax Regulations. We have broadened the concept to include libraries, Webster City v. Wright County (1909), 144 Iowa 502, 123 N.W. 193, and county school systems, McColl v. Dallas County (1935), 220 Iowa 434, 262 N.W. 824.

ACT does not fall within either of these extensions of the meaning of an educational institution. A library is a source of knowledge. It is used by the student for study and research to increase his knowledge. ACT does not offer the student such opportunity. It only tests the student to determine how much he already knows. The county school system as it existed in 1935 was an administrative adjunct to the county schools. It was directly involved in the educational process furnishing guidance to and supervision over the local school districts. No such relationship exists between ACT and any educational institutions.

We cannot construe the exemption strictly and include plaintiff within the term "educational institution".

Plaintiff cites Community Drama Association of Des Moines v. Iowa State Tax Commission (1961), 252 Iowa 854, 109 N. W.2d 23, which involved sales tax on tickets to productions of the community playhouse. It involved subsection (3) of sec-

tion 422.45, which exempts the gross receipts from sales of educational activities from sales tax where the entire proceeds are expended for educational purposes.

There is a distinction between being engaged in educational activities for educational purposes and educational institutions. Concededly ACT's activities are related to the educational process, but the fact that it performs a valuable service for students and schools does not qualify it as an educational institution.

The wording of the section involved in Community Drama Association of Des Moines v. Iowa State Tax Commission, supra, supports our interpretation of section 422.45(8). It shows the legislature knew how to exempt all persons engaged in educational activities from the payment of sales tax on goods or services purchased for use in such activity, if it wished to do so. Community Drama Association of Des Moines v. Iowa State Tax Commission, supra, would have been good supporting authority for plaintiff if the state were attempting to collect sales tax on the fees received from the students. It is apparent to us that the legislature intended to be much more restrictive when it used "educational institution" in section 422.45(8).

Plaintiff also cites cases which support the proposition that an activity which would be exempt if performed by an exempt institution is also exempt when several qualifying institutions act in concert, such as a hospital laundry. Children's Hospital Medical Center v. Board of Assessors of Boston (1967), 353 Mass. 35, 227 N.E.2d 908, or an organization for joint purchasing by hospitals to take advantage of volume discounts. Hospital Bureau of Standards and Supplies, Inc. v. United States (1958), 158 F.Supp. 560, 141 Ct.Cl. 91; Hospital Purchasing Service of Michigan v. City of Hastings (1968), 11 Mich. App. 500, 161 N.W.2d 759.

We do not quarrel with the results reached in the cited cases but do not find them analogous to the case at bar. ACT was founded by two educators as an independent corporation. The present membership form was adopted in 1965 in order to qualify for the broad federal income tax exemption under section 501(c) (3) Internal Revenue Code. It is financed by the students. Various institutions have found it to their advantage to use these test evaluations rather then formulate and give tests of their own. They pay no fee and receive no portion of the profits. Collaterally, high schools have also benefitted from the program. However, it is not a cooperative function of a group of exempt institutions acting in concert.

We therefore hold plaintiff has failed to meet its burden of clearly showing it is a "private nonprofit educational institution" within the meaning of section 422.45(8). If we have unduly restricted the meaning intended by the legislature, it will have an opportunity to amend this subsection during the imminent session.

Affirmed.

All Justices concur.