498 P.2d 525

Kenneth R. KUNES, Maricopa County Assessor, et al., Appellants,

v.

MESA STAKE OF the CHURCH OF JESUS CHRIST OF LATTER–DAY SAINTS, an Arizona corporation sole, Appellees.

No. I CA–CIV 1673.

Court of Appeals of Arizona, Division 1.

June 29, 1972.

Rehearing Denied July 24, 1972.

Review Denied Sept. 19, 1972.

Beer & Kalyna by Olgerd W. Kalyna, Phoenix, for appellants.

Lewis & Roca by Monroe G. McKay, Phoenix, for appellees.

HATHAWAY, Judge.

Appellees brought this action in the Superior Court of Maricopa County pursuant to A.R.S. § 42–204, in an effort to obtain a refund of taxes in the amount of $21,275.-76 which had allegedly been illegally collected, and for a declaratory judgment that the properties involved were entitled to exemption from property taxes pursuant to A.R.S. § 42–271, subsec. 4. After trial to the court on stipulated facts, exhibits and the uncontroverted testimony of two witnesses called by the plaintiffs, judgment was entered in favor of the plaintiffs, hence this appeal.

Four properties are involved in the controversy before us. They are all farm properties, comprising units of a national charitable enterprise of the Church of Je-

sus Christ of Latter-Day Saints. These particular properties are units in a church-directed welfare program which appellants concede is operated with the highest charitable motives. The properties are:

1. Queen Creek project;

2. Buckeye Road project;

3. Dairy project; and

4. Rice and University properties.

These properties are operated for the purpose of producing commodities for distribution through the church welfare program. In some instances where surplus commodities are produced, they are sold and the proceeds used to purchase other needed items. The crops and milk from the dairy project are sold in open markets because facilities are lacking for proper processing of the resulting products. From the sale of the dairy produce, $12,000 is paid each year to the party from whom the property was purchased, as part of the purchase price.

The main question presented on appeal is whether these farm lands, whose total yield is used exclusively for either operation of the farm or acquisition of one of the properties, with the surplus being distributed entirely for charitable purposes, i. e., the church welfare program, are entitled to exemption under the laws of the State of Arizona.

Legislation authorizing property tax exemptions is permitted under Art. 9, § 2 of the Arizona Constitution, A.R.S., which provides:

" * * * Property of educational, charitable and religious associations or institutions not used or held for profit may be exempt from taxation by law. * * * All property in the state not exempt under the laws of the United States or under this Constitution, or exempt by law under the provisions of this section shall be subject to taxation to be ascertained as provided by law. This section shall be self-executing."

A.R.S. § 42–271, enacted under authority of the above constitutional provision, provides in pertinent part:

"All property in the state shall be subject to taxation, except

\* \* \* \* \* \*

4. Hospitals, asylums, poor houses and other charitable institutions for relief of the indigent or afflicted, and the lands appurtenant thereto, with their fixtures and equipment, not used or held for profit. . . . "

■ The enabling constitutional provision and the statute enacted thereunder have both been construed by our supreme court in a case which has proven most helpful to the disposition of the problem before us. Conrad v. County of Maricopa, 40 Ariz. 390, 12 P.2d 613 (1932). The court, speaking through Justice Alfred C. Lockwood, announced a basic principle of construction applicable to the situation:

" . . . that laws exempting property from taxation are to be construed strictly. The presumption is against the exemption, and every ambiguity in the statute will be construed against it." 40 Ariz. 390, 393, 12 P.2d 613, 614.

In considering tax exemption statutes, Arizona courts have reiterated that the rule of strict construction will be followed. Maricopa County v. North Phoenix Baptist Church, 2 Ariz.App. 418, 409 P.2d 577 (1966); Verde Valley School v. County of Yavapai, 90 Ariz. 180, 367 P.2d 223 (1961); City of Phoenix v. Bowles, 65 Ariz. 315, 180 P.2d 222 (1947); Memorial Hosp. v. Sparks, 9 Ariz.App. 478, 453 P.2d 989 (1969).

"Exemption from taxation is the exception and not the rule in this state. It is definitely up to one claiming his property is not subject to taxation to point out some valid provision of law that unequivocally sustains him in his contention." State v. Yuma Irrigation Dist., 55 Ariz. 178, 99 P.2d 704 (1940).

In Conrad, *supra,* the court observed that the constitutional provision does not

exempt property from taxation, but merely permits the legislature to exempt property of "charitable . . . associations or institutions" which are not used or held for profit. The court noted that usage of the word "institution" in the constitution " . . . applies to the established society itself and not to the buildings owned or occupied by the organization." However, when it came to consideration of the statute which actually set forth the exemptions granted, the court found that the language of the statute was such as " . . . to apply to physical structures and not legal organizations." Of particular import, and we believe dispositive of the question before us, is the following language used by the supreme court:

> "We think, therefore, that the 'charitable institutions' referred to in the subdivision of section 3066 [predecessor to A.R.S. § 42–271] above quoted are *physical property or buildings, whose principal use is for the relief of the indigent or afflicted*, when such property is not used or held for profit, and not the organizations themselves, even though charitable in their nature, which may or may not hold certain of their property as exempt." [Emphasis added] 40 Ariz 390, 394, 12 P.2d 613, 615.

The property in *Conrad*, a Masonic Temple, consisted of lodge rooms, auditorium, banquet room, offices, lounge rooms, kitchen and storage rooms. The property was in no manner used for the relief of the indigent or afflicted.

> "The only connection which the temple has with such relief is that the organization which owns it has that as one of its objects, and uses part of funds derived from many sources, among which is the rental of certain portions of the temple, for that purpose." 40 Ariz. 390, 394, 12 P.2d 613, 615.

The use to which the property in question is put is determinative, not the use of the proceeds or "profits" from the operation conducted thereon. That the use to which the property is put is the sole criterion upon which charitable exemptions are based, was also noted in Memorial Hosp. v. Sparks, 9 Ariz.App. 478, 480, 453 P.2d 989, 991 (1969):

> "Unlike the veteran's or widow's exemptions which are personal to the person claiming the exemption, charitable exemptions are based on the use to which the property is put by the applicant for the exemption. The fact that the property is owned by Memorial Hospital which is itself tax exempt is not controlling. The charitable use tax exemption depends solely upon the use made of the property."

■ Many cases are cited by both parties in support of their respective positions. The cases are controlled in greater or lesser degrees by the particular statutes involved, and we therefore decline to discuss them here, although we have considered them. The following cases hold that the use of the property itself and not the use of the proceeds or income is decisive as to whether an exemption is to be given. Malad Second Ward of the Church v. State Tax Com'n, 75 Idaho 162, 269 P.2d 1077 (1954); Columbus Youth League v. County Board of Revision, 172 Ohio St. 156, 174 N.E.2d 110 (1961); Nebraska Conference Association of Seventh Day Adventists v. Board of Equalization, 179 Neb. 326, 138 N.W.2d 455 (1965); Oklahoma County v. Queen City Lodge, 195 Okl. 131, 156 P.2d 340 (1945).

■ We find from the agreed facts that the properties are used for other than charitable purposes, namely, farming. In view of their use, they do not qualify for property tax exemption.

The judgment is reversed and it is ordered that judgment be entered in favor of the appellants.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.