594 P.2d 1020

The TUCSON JUNIOR LEAGUE OF TUCSON, Plaintiff/Appellant,

v.

Stephen E. EMERINE, Assessor, Pima County, Arizona, James Lee Kirk, Treasurer, Pima County, Arizona, E. S. "Bud" Walker, David Yetman, Katie Dusenberry, Conrad Joyner and Sam Lena, the Board of Supervisors of Pima County, Arizona, Pima County, a political subdivision of the State of Arizona, State of Arizona, a body politic, the Department of Revenue of the State of Arizona, Defendants/Appellees.

No. 2 CA–CIV 3058.

Court of Appeals of Arizona, Division 2.

Feb. 7, 1979.

Rehearing Denied March 7, 1979.

Review Denied April 3, 1979.

Fish, Briney, Duffield, Miller, Young & Adamson, P. C. by Richard Duffield, Tucson, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Barbara E. Fisher, Asst. Atty. Gen., Stephen D. Neely, Pima County Atty. by Peter Pearman, Deputy County Atty., Tucson, for defendants/appellees.

OPINION

RICHMOND, Chief Judge.

The Tucson Junior League appeals from a judgment which provides that real property

owned by the League is not tax exempt under A.R.S. § 42–271(3) or (4). We find no error and affirm.

Appellant claims exemption for its property as a building "used for education."[1] Although there was testimony about training programs offered in the building, some of the rooms were used for non-educational meetings and all of the rooms were used during many months of the year for storing items for the League's annual rummage sale. Laws exempting property from taxation are to be construed strictly; the presumption is against the exemption, and every ambiguity in the statute will be construed against it. *Conrad v. County of Maricopa*, 40 Ariz. 390, 12 P.2d 613 (1932). Applying that standard, we agree with the trial court that the nature and extent of the use of the property for educational purposes were insufficient to qualify for the exemption. *Accord, Lois Grunow Memorial Clinic v. Oglesby*, 42 Ariz. 98, 22 P.2d 1076 (1933).

Appellant also claims tax exempt status for the property as a charitable institution "for relief of the indigent or afflicted."[2] None of the rooms in the building, however, is itself used for relief of the indigent. It is the use of the property itself and not the use of the proceeds or income which is decisive. *Kunes v. Mesa Stake of Church of Jesus Christ*, 17 Ariz.App. 451, 498 P.2d 525 (1972).

Affirmed.

HOWARD and HATHAWAY, JJ., concur.

---

1. A.R.S. § 42–271(3).

2. A.R.S. § 42–271(4).