598 P.2d 105

Richard F. HILLMAN, Assessor, County of Coconino, Rose Stacy, Treasurer, County of Coconino, County of Coconino, and Arizona Department of Revenue, Appellants,

v.

FLAGSTAFF COMMUNITY HOSPITAL, an Arizona non-profit Corporation, Appellee.

No. 1 CA–CIV 3925.

Court of Appeals of Arizona, Division 1, Department A.

March 6, 1979.

Rehearing Denied April 10, 1979.

Review Granted April 24, 1979.

Bruce E. Babbitt, Atty. Gen. by Edwin P. Lee, Asst. Atty. Gen., Phoenix, for appellants.

Mangum, Wall, Stoops & Warden by Gerald W. Nabours, Flagstaff, Lewis & Roca by Roger W. Kaufman, Paul G. Ulrich, Jay S. Ruffner and Terrence M. Slaven, Phoenix, for appellee.

OPINION

HAIRE, Judge.

On this appeal we must determine whether the trial court erred in finding that two lots owned by the appellee hospital were exempt from taxation pursuant to the provisions of A.R.S. § 42–271(4).

The two lots comprise about one-third of an acre and adjoin each other, but are not contiguous or adjacent to the property upon which appellee's hospital is situated. They are located approximately two city blocks from the hospital itself, and were not subjected to any actual physical use by the hospital during the tax year in question. The parties have stipulated that the lots were held by the hospital "for the purpose of future hospital expansion and development" but that the hospital "[had] not made any definite plans for the specific development and use of the subject parcels of property."

The appellee claimed exemption pursuant to the provisions of A.R.S. § 42–271(4), which for the dates relevant to this appeal provided as follows:

"All property in the state shall be subject to taxation, except:

\* \* \* \* \* \*

"4. Hospitals, asylums, poor houses and other charitable institutions for relief of the indigent or afflicted, and the lands appurtenant thereto, with their fixtures and equipment, not used or held for profit."

Prior Arizona case law involving situations in which an affirmative use was being made of property for which an exemption was claimed, have interpreted this statutory exemption as providing a "use" exemption rather than an "ownership" exemption. In other words, the cases have held that the statute provides an exemption for only those properties which are used for the specified charitable purposes, and not necessarily all properties which are owned by the charitable organization. *Conrad v. County of Maricopa*, 40 Ariz. 390, 12 P.2d 613 (1932); *Kunes v. Mesa Stake of Church of Jesus Christ*, 17 Ariz.App. 451, 498 P.2d 525 (1972); *Memorial Hospital v. Sparks*, 9 Ariz. App. 478, 453 P.2d 989 (1969).

The parties to this appeal agree that the land upon which appellee's hospital itself is situated is exempt from taxation under § 42–271(4), and that the two lots in question were not being used or held for profit. The area of disagreement involves the question of whether the two lots in their state of "non-use" constitute "lands appurtenant" to appellee's hospital, so as to qualify for the exemption admittedly granted to the hospital and the contiguous property upon which it is situated. We find no Arizona decisions which have construed this statutory provision, insofar as concerns the meaning of the words "land appurtenant thereto" as used in a tax exemption context. However, both parties agree, and we concur, that the legislature could not have intended to use the word "appurtenant" in the technical sense of real property conveyancing law, wherein the term would refer

to rights that pass with a conveyance of land, such as a passageway or watercourse, or a passage for light or air from or across another's land. *See Black's Law Dictionary* 133 (4th ed. 1951).

Aside from its technical usage in real property conveyancing law, the word "appurtenant" ordinarily imparts a meaning of "annexed or belonging legally to some more important thing . . . belonging, appropriate, accessory . . . ." *Webster's Third New International Dictionary* 107 (1969); *see also Webster's Seventh New Collegiate Dictionary* 44 (1970), "auxiliary, accessory". The essential sense of these definitions is that the term "appurtenant" in its most common sense refers to a secondary property that is used or held in relationship to a more important property. The parties do not actually disagree that the foregoing constitute acceptable definitions of the word "appurtenant". Their disagreement lies in the application of the definition to the facts of this case. The taxing authorities emphasize the holdings of the above-cited Arizona decisions to the effect that it is the use made of property and not the ownership that determines the right to the exemption, and from this premise argue that land that is not being physically used can never be considered appurtenant to an exempted charitable use. On the other hand, the hospital argues that when land is appurtenant to an exempt use, there is no affirmative statutory requirement that the appurtenant land also be used for charitable purposes; rather, that the only statutory requirement is in the negative—that it not be used or held for profit.

We do not fully agree with the argument advanced by the taxing authorities. In our view, the issue of appurtenancy in this context must be resolved by focusing on the relationship between the land in question and the charitable purpose of the principal facility. To the extent that the taxing authorities argue that a showing of a present physical use of a charitable nature is the *sine qua non* of establishing an exemption for appurtenant lands, we disagree

and find no such requirement in the statute. This is not to say, however, that we consider the present use or purpose for which the land is held as immaterial in determining appurtenancy. It would be illogical to say that the use or purpose for which land is held should never be one of the factors to be considered in determining the relationship of land to a charitable use to which it is claimed to be appurtenant. In many instances the present use might be all important in determining whether the charitable use of the principal facility is "the more important thing", with the claimed appurtenant land being "auxiliary" or an "accessory" to that use. Yet this does not mean, as argued by the taxing authorities, that there must always be a showing of a present physical use.

Here the parties have stipulated that the two lots "were held by Flagstaff Community Hospital for the purpose of future hospital expansion and development." In our view this passive use or purpose is not inconsistent with, and in fact is auxiliary and appropriate to the charitable use of the principal hospital property. As the hospital urges, the lots here in question are necessarily connected with the full and free use and enjoyment of the principal hospital property as that hospital grows and expands to meet the health care needs of the community. The lots are located within reasonable proximity to the existing hospital facilities and no contention is advanced that the amount of land being held is in any way inconsistent with the professed holding for further hospital expansion and development. The fact that the hospital has not made definite plans for the specific use of these lots does not, in our opinion, preclude their being classified as appurtenant lands for the purpose of the statutory exemption. Furthermore, in this connection it is important to note that by construing the phrase "lands appurtenant" to apply to properties purchased for future use and development, this Court is not giving hospitals an indiscriminate license to purchase and hold properties for any purpose whatsoever and still be free of the property tax. The statutory exemption extends only to lands "not used or held for profit". Thus, should a hospital purchase property upon which it operates a profit making activity, or that it holds for investment purposes, it would be taxable.

The judgment is affirmed.

DONOFRIO and FROEB, JJ., concurring.